STATE *ex rel.* JERRY STUMBO

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12366)

Submitted November 10, 1964. Decided December 15, 1964.

*Timothy N. Barber,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, PRESIDENT:

This is an original habeas corpus proceeding instituted in this Court on July 17, 1964, in which the petitioner, Jerry Stumbo, seeks a writ to require the defendant, Otto C. Boles,

Warden of the West Virginia Penitentiary, to release him from the penitentiary where he is presently confined under an indeterminate sentence of one year to ten years, imposed by the Circuit Court of Logan County, West Virginia, on February 28, 1963. Upon the filing of the petition this Court issued a writ returnable September 15, 1964 and appointed counsel to represent the petitioner in this proceeding. After two continuances upon the joint motion of the attorneys representing the respective parties this proceeding was submitted for decision on November 10, 1964, upon the petition, the demurrer and the answer of the defendant, the affidavit of the petitioner, the separate affidavits of Delbert Browning, Walter Adkins, Malcum Davis, Leu Robinson, B. E. Stumbo, Ivan Hall and R. D. Walls, in support of the petition, and the written briefs and the oral arguments of the attorneys in behalf of the respective parties.

At the January Term 1963 of the Circuit Court of Logan County, the petitioner and B. E. Skip Stumbo and Delbert Browning were jointly indicted by the grand jury of that county for a felony. The indictment in three separate counts charged that the named defendants on the 11th day of September 1962, in Logan County, in the nighttime, did unlawfully and feloniously break and enter a certain building in that county, belonging to a named person and not being a dwelling house or an adjoining outhouse, with intent to steal, take and carry away certain designated goods and chattels of the owner, of the value of $86.00; on the same date did also unlawfully and feloniously enter, without breaking, the same building, with intent to steal, take and carry away certain designated goods and chattels of the owner, of the value of $86.00; and on the same date did also unlawfully and feloniously steal, take and carry away certain designated goods and chattels of the owner, of the value of $86.00. On January 18, 1963, the petitioner was arraigned and entered a plea of guilty to the indictment and on February 28, 1963, he was sentenced to confinement in the West Virginia Penitentiary for a period of one year to ten years.

The petitioner contends that the foregoing sentence is unconstitutional, null and void for the reason that the peti-

tioner, an indigent person who was not financially able to employ counsel, was denied the assistance of counsel to defend him against the offenses with which he was charged in the indictment, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

It appears from the affidavits filed in behalf of the petitioner, which are not controverted, that the only education received by the petitioner at the time of his indictment and conviction was a public school education which ended with the eighth grade; that he was not represented by counsel at any stage of the proceedings in the circuit court; that he did not have the financial means to employ an attorney to represent him; that he did not know that he could request the court to appoint an attorney to represent him or that he had the right to have an attorney appointed for that purpose; that he did not demand the appointment of an attorney because he did not know that he could have an attorney unless he hired one; that he was never informed by the judge, the prosecuting attorney or any other person that he could request the appointment of an attorney to represent him or that such request would be granted; that he did not know that an attorney had ever been appointed to represent a person who could not afford to hire an attorney; that he never knowingly waived his right to the assistance of counsel and would not have waived such right; that he had never been in court upon a criminal charge before his arraignment; and that if he had been represented and assisted by competent counsel with respect to the charges against him he believes that the outcome of his case would have been substantially different.

The orders entered by the court in the criminal proceeding in the Circuit Court of Logan County show that on January 18, 1963, the petitioner and the other two co-defendants were set to the bar of the court in the custody of the sheriff and that each defendant, in his own proper person, entered a plea of guilty to the indictment; that the court took time to consider of its judgment until February 28, 1963 and that the defendants were remanded to jail; that on Feb-

ruary 28, 1963, the petitioner and the two co-defendants were on that day again set to the bar of the court in the custody of the sheriff and that the court determined the punishment of the defendants to be confinement in the penitentiary of this State for an indeterminate period of one year to ten years with credit for time spent in jail awaiting trial and conviction and that the sentence of the petitioner should begin on September 19, 1962; and that the court called upon the defendants to say why the court should not pronounce sentence against them and nothing being offered or alleged in delay of judgment, the court proceeded to sentence the petitioner and each of the co-defendants to confinement in the penitentiary for an indeterminate period of one year to ten years with recommendation that each of them be confined for a minimum period of one year. Each of the orders entered by the court is silent with respect to the appointment or the presence of counsel for the petitioner.

The decision in this proceeding is governed and controlled by the decisions of this Court in the cases of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, and *State ex rel. Hicklin* v. *Boles,* 149 W. Va. 163, 139 S. E. 2d 182, which in turn were in large measure based upon and affected by the decisions of the Supreme Court of the United States in the recent cases of *Gideon* v. *Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733, decided in 1963; *Doughty* v. *Maxwell,* 376 U. S. 202, 84 S. Ct. 702, 11 L. Ed. 2d 650, decided in 1964; *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357; *Powell* v. *Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527; *Carnley* v. *Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70; *Moore* v. *Michigan,* 355 U. S. 155, 78 S. Ct. 191, 2 L. Ed. 2d 167; *Uveges* v. *Pennsylvania,* 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127; *Rice* v. *Olson,* 324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367.

In the *Gideon* case the court declared that the right to assistance of counsel is a fundamental right, essential to a fair trial, and that the safeguard of counsel provided by the Sixth Amendment to the Constitution of the United States is made obligatory upon the states under the due process clause of

the Fourteenth Amendment. In reaching that conclusion the Supreme Court of the United States cited and relied upon its prior decisions in *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357; *Powell* v. *Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527; and *Carnley* v. *Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70.

In *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, this Court declared and applied certain legal principles in points 1, 2, 3, 4 and 5 of the syllabus, which are reaffirmed, adhered to and applied in this proceeding. Those syllabus points are expressed in this language:

"1. The right of one accused of a crime to the assistance of counsel is a fundamental right, essential to a fair trial; therefore the safeguard of counsel, provided by the Sixth Amendment to the Constitution of the United States, is made obligatory upon the states by virtue of the due process clause of the Fourteenth Amendment.

"2. Courts indulge every reasonable presumption against waiver of a fundamental constitutional right and will not presume acquiescence in the loss of such fundamental right.

"3. The right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel.

"4. The general rule which presumes the regularity of court proceedings is subject to the qualification that, where the record is silent on the question, it can not be presumed that the accused waived his right to the assistance of counsel.

"5. One accused of a crime may waive his right to the assistance of counsel but such waiver must be made intelligently and understandingly."

It should also be observed that by the decisions of the Supreme Court of the United States in the Gideon, Doughty and Carnley cases this Court has been required to depart from its holdings in the earlier cases of *State* v. *Kellison,* 56

W. Va. 690, 47 S. E. 166; *State* v. *Briggs,* 58 W. Va. 291, 52 S. E. 218; *State* v. *Yoes,* 67 W. Va. 546, 68 S. E. 181, 140 Am. St. Rep. 978; *Wade* v. *Skeen,* 140 W. Va. 565, 85 S. E. 2d 845, and those cases have been overruled and disapproved to the extent set forth and stated in Point 6 of the syllabus in *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177.

As it clearly appears that the petitioner was denied his constitutional right to the assistance of counsel in the criminal proceeding in the Circuit Court of Logan County, the judgment of that court which sentenced him to confinement in the penitentiary for an indeterminate period of one year to ten years is void and of no force and effect. "A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding." Point 5, syllabus, *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851. "A person imprisoned under a void sentence will be released from such imprisonment by a writ of habeas corpus." Point 8, syllabus, *State ex rel. Boner* v. *Boles,* 148 W. Va. 802, 137 S. E. 2d 418; *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159; *State ex rel. Mundy* v. *Boles,* 148 W. Va. 752, 137 S. E. 2d 240; *State ex rel. Facemyer* v. *Boles,* 148 W. Va. 702, 137 S. E. 2d 237; *State ex rel. Nicholson* v. *Boles,* 148 W. Va. 229, 134 S. E. 2d 576, and the many cases cited in the opinion in that case.

For the reasons stated and under the authorities cited and discussed in this opinion the relief prayed for in the petition is awared and the defendant is required to release the petitioner forthwith from confinement under the judgment of the Circuit Court of Logan County, by virtue of which he is now imprisoned in the penitentiary of this State.

*Prisoner discharged.*