Ollie Patrick JOHNSON, 12680-A,
Petitioner,

v.

John C. BURKE, Warden, Wisconsin State Prison, Respondent.

No. 64-C-338.

United States District Court
E. D. Wisconsin.

Feb. 17, 1965.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

GRUBB, District Judge.

Petitioner is in custody of the respondent warden pursuant to judgments of conviction and sentences imposed as follows: (1) a term not to exceed ten years on the charge of burglary, armed and masked, in violation of Sections 943.10 (1) (a), 943.10(2) (a), and 946.62 of the Wisconsin Statutes; and (2) a commitment to the Department of Public Welfare of Wisconsin, pursuant to Section 959.15(6) of the Wisconsin Statutes, to be served at the Wisconsin State Prison, Waupun, Wisconsin, for an indeterminate term on his conviction of attempted rape, in violation of Sections 944.01 and 939.32 of the Wisconsin Statutes, said two terms to be served concurrently.

The history of petitioner's state criminal proceedings, as it appears from the petition and response thereto, is as follows. In the evening on January 20, 1960, petitioner was apprehended on the premises of another and taken into custody by officers of the City of Milwaukee police. He was taken to the police station, questioned concerning the acts of attempted rape as told to the police by his victim, and denied everything.

The following morning he was examined by a representative of the office of the district attorney. Statements were taken from him, from his victim, and from other witnesses. At this time, petitioner stated that the statements of the victim were true and admitted that he threatened her with a scissors and committed the acts of the attempted rape. He further stated that he went to the victim's home not with the intent to rape but to rob her, and that he changed his mind after he had entered the victim's home.

As part of the question and answer statement by the petitioner, he stated that the statement was made of his own volition and free will; that no one used force or pressure upon him to obtain the statement. In answer to the question whether anyone had used pressure or force to obtain the statement, the following colloquy took place:

"A They beat me last night.

"Q Here in this office this morning, Mr. Johnson, did anyone use pressure or force to obtain your statement?

"A No." (Transcript of trial, p. 22.)

On April 26, 1960, petitioner, represented by court-appointed counsel, appeared before the Circuit Court, Branch 2, Milwaukee County, Wisconsin, the Honorable Michael T. Sullivan presiding. The Court informed him of the charges pending against him, to wit: attempted rape under Section 939.32, Wisconsin Statutes, and concealing of identity in the commission of a crime under Section 946.62, Wisconsin Statutes. Petitioner stated that he understood the charges of the information and that his attorney had explained them to him. Reading of the information was waived. Petitioner pleaded not guilty to the charges of the information, and the case was set for jury trial for May 18, 1962.

On May 18, 1962, petitioner, having waived his right to jury trial, indicated that he wished to withdraw his plea of not guilty and was given leave of court to change his plea from not guilty to guilty.

The prosecution called the investigating and arresting officer as its witness. Counsel for petitioner did not cross-examine this witness. The court then permitted, over objection of defense counsel, the reading into the record of the question and answer statement taken from petitioner on the day following his arrest. The district attorney commented at this point, "This is only on the question of disposition."

After reading of the statement, the court and the district attorney questioned petitioner concerning his prior criminal record and present status. Defense counsel put this question to petitioner, and he made the following answer:

"Q   As a matter of fact, when I first or when you first contacted me you asserted your innocence, isn't that right?

"A   That's correct."   (Transcript of trial, p. 26.)

The Court then found petitioner guilty of the offenses charged in the information; that is, the violations of attempted rape and concealing identity, and ordered him committed to the State Department of Public Welfare for a presentence examination under Section 959.15(1), Wisconsin Statutes.

Thereafter defense counsel requested the court to sentence petitioner on the armed burglary charge. The court denied the request with this statement:

"THE COURT: Well, gentlemen, a reading of this information indicates that the two offenses of which the defendant is found guilty are attempted rape and concealing identity and although there is some mention of Section 943.10 1 a in the body of the information, the defendant hasn't been convicted under that charge and therefore there is no burglary issue before the Court now." (Transcript of trial, p. 29.)

The matter came before the court on August 1, 1960, for final disposition. The district attorney moved the court for amendment of its earlier finding to include a finding of guilty on the armed and masked burglary charge, the first count of the information against petitioner, based on petitioner's plea of guilty and on evidence of record that defendant's intent in entering the victim's home was to rob or steal from the occupant. Defense counsel objected on the ground that it was his belief on the evidence of record that petitioner's intent was to rape, not to steal.

The Court then corrected the earlier "mis-statement" that there was no burglary issue before it; stated that it appeared "clearly" from the evidence previously adduced that petitioner had the intent to commit a burglary; and found him guilty of the offense of burglary, in violation of Section 943.10(1), Wisconsin Statutes.

As grounds entitling him to relief, petitioner asserts that court-appointed counsel failed to competently protect his rights; that he was forced to testify against himself by order of the court; and that the indefinite sentence imposed on him on the rape charge constitutes cruel and inhuman punishment. Particularly, petitioner claims that counsel knew that the Milwaukee Police Department had used physical force and that his incriminating statement was obtained as a result of this coercion and at a time when he was not represented by an attorney; that counsel told petitioner that he would be convicted because of his confession and that counsel had made arrangements with the district attorney for leniency if petitioner entered a plea of guilty; that he refused to examine the police officer concerning the physical force used on petitioner; and that he allowed his incriminating statement to be read into the record, which statement contained the only evidence of guilt of the charge of burglary.

Similar contentions were presented to the Supreme Court of Wisconsin by petitioner on application for writ of habeas corpus which was denied.

There is no merit to petitioner's contention that the sentence imposed on him on his conviction of attempted rape is indefinite and subjects him to a potential lifetime imprisonment. His commitment was under the provisions of Section 959.15 "Sex crimes" of the Wisconsin Statutes, Subsection (6) "Commitment to the department." Subsection (12) "Termination of control" of Section 959.15 provides for termination of control of the department by discharge, if not otherwise ended, at the expiration of the maximum term prescribed by law for the offense for which the person was convicted. Petitioner was convicted of the offense of attempted rape, under Sections 944.01 and 939.32 of the Wisconsin Statutes, which carries a maximum penalty of fifteen years.

The conviction on the attempted rape charge rests on petitioner's plea of guilty and on substantial evidence by another witness. His confession on this charge was offered for purposes of disposition of the case after the entry of a plea of guilty and after other evidence was taken. The conviction for this offense rests on untainted, uncontroverted testimony. It is not invalidated by the alleged infirmities of the confession or by the alleged incompetency of representation by counsel. Petitioner does not claim that he had meritorious defenses to this charge which his counsel failed to present. Petitioner is, therefore, presently in custody pursuant to a valid conviction and sentence imposed on the attempted rape violation.

The violations of his constitutional rights alleged in his petition as to the conviction and sentence on the burglary charge, if established as true, would not entitle petitioner to discharge from custody at this time. Since petitioner is not entitled to issuance of the writ of habeas corpus, there is no occasion for the appointment of an attorney, further consideration, or hearing on these allegations. Welch v. Markley, 338 F. 2d 561, 562 (7th Cir.1964).

The petition must be and it is hereby denied.