STATE *Ex Rel.* SAM JACKSON

*v.*

OTTO C BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12404)

Submitted February 16, 1965.          Decided March 2, 1965.

*Glyn Dial Ellis,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

The petitioner, Sam Jackson, invoked the original jurisdiction of this Court by filing herein his petition for a writ of habeas corpus, wherein he seeks release from the custody of the respondent. The writ was issued, returnable February 16, 1965, and this Court appointed counsel to represent the petitioner in this proceeding. Pursuant to the writ the respondent, on the return day, produced the petitioner and filed his return to the petition. No formal defense to the writ was presented. The matter thereupon was submitted for decision upon the petition and return thereto and upon the brief and argument of counsel for the petitioner.

It appears from the pleadings filed in this proceeding that at the April Term, 1930, of the Circuit Court of Logan County, the petitioner was indicted for the crime of rape; that on April 14, 1930, he entered a plea of guilty to the charge in the indictment; and that on said day the court sentenced him to confinement in the penitentiary of this state for the remainder of his natural life.

In his petition Sam Jackson alleges that "the Sentencing Court failed to furnish him with the assistance of counsel,

nor did the Court advise him of his right to have counsel appointed to represent him. Petitioner is an uneducated person with no knowledge of the law whatsoever, and did not know or understand that the Court had a duty to provide him with the assistance of counsel, which Petitioner was unable to pay for himself." Nothing in the record indicates that the petitioner waived his right to the assistance of counsel. Futhermore, an examination of the order, dated April 14, 1930, wherein the petitioner was sentenced as aforesaid, reveals that such order is silent as to counsel for the accused.

These allegations, undisputed by the respondent, together with the above consideration of the record of the proceedings in the trial court, form the basis of the petitioner's contention that he was denied due process of law under the provisions of the Fourteenth Amendment to the Constitution of the United States, and that the sentence under which he is confined is therefore void and of no legal effect.

In *State ex rel. May* v. *Boles, Warden,* 149 W. Va. 155, 139 S. E. 2d 177, this Court held that the right of an accused to the assistance of counsel is a fundamental right, the denial of which constitutes a violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Such right will not be presumed to have been waived by the failure of the accused to request counsel, by the entry of a guilty plea or by reason of a record silent on the matter of counsel.

Inasmuch as this record is silent on the matter of counsel and the allegations of the petition are undisputed, this proceeding is controlled by the *May* case. Accordingly, the sentence under which the petitioner is now imprisoned is void and the petitioner is entitled to his release upon the writ heretofore awarded.

*Prisoner discharged.*