STATE *Ex Rel.* JOHN B. CALLOWAY

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12410)

Submitted February 16, 1965.     Decided March 9, 1965.

*Glyn Dial Ellis,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on December 11, 1964, in which the petitioner, John B. Calloway, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Pentitentiary, to release him from the penitentiary where he is presently confined under a sentence of life imprisonment imposed by the Circuit Court of Logan County, West Virginia, on February 21, 1955.

Upon the filing of the petition this Court issued a writ returnable February 16, 1965 and appointed counsel to represent the petitioner in this proceeding. Upon the return day of the writ this proceeding was submitted for decision upon the petition and its exhibits, the answer of the defendant and its exhibits, the written brief in behalf of the petitioner and the oral arguments of the attorneys in behalf of the respective parties. No written brief was filed in behalf of the defendant, who produced the body of the petitioner as commanded by the writ and who filed his answer, which alleged that the petitioner was indicted by the grand jury of the Circuit Court of Logan County on January 10, 1955 for the crime of breaking and entering, that on January 14, 1955 the petitioner was arraigned and entered a plea of guilty, that on February 21, 1955, the prosecuting attorney of that county filed an information against the petitioner alleging two previous felony convictions, and that on February 21, 1955 the petitioner was confronted with the information and admitted that he was the same person described in such information and was then sentenced to life imprisonment in

the State penitentiary. The answer also admitted that the record is silent as to whether the petitioner was advised as to his right to the assistance of counsel and as to whether he intelligently waived such right.

The record consists of only an indictment of two counts, which charged the petitioner with unlawfully and feloniously breaking and entering and entering without breaking a certain store-house, and four court orders. The first order was entered by the circuit court on January 14, 1955 and the other three orders were entered on February 21, 1955. Two of those orders, the second and the third, were substantially similar and the material contents of the two orders were included and expanded in the third and final order entered February 21, 1955. The order entered January 14, 1955, states that the prisoner was brought into court and set to the bar in the custody of the sheriff; that the prisoner entered his plea of guilty to the offense charged against him in the indictment; that the court accepted the plea and deferred sentence until a later day of the same term of court. The first order entered February 21, 1955, recites that the prosecuting attorney at that time, with leave of the court, filed an information which charged that the petitioner had been twice previously indicted, convicted and sentenced to the penitentiary for felonies, and one of the other two orders entered February 21, 1955, states that the prisoner was again brought into court and set to the bar in the custody of the sheriff, that after his conviction and before sentence was imposed the prosecuting attorney filed an information showing two former convictions and sentences of the prisoner to the penitentiary for felonies and alleging that the prisoner was the same person formerly convicted and sentenced, that the circuit court required the prisoner to state whether he was the same person named in the information and duly cautioned him as to the effect of his answer, after which the prisoner acknowledged, in open court, that he was the same person as the person named in the information, and that the court then proceeded to enter judgment in accordance with the plea of guilty previouly entered by the petitioner and, finding that the prisoner had been twice before convicted in the

United States of crimes punishable by imprisonment in the penitentiary, sentenced the petitioner to life imprisonment in the penitentiary of this State.

Each of the foregoing orders entered by the circuit court is silent with respect to the appointment or the presence of counsel for the petitioner.

The petitioner contends that the sentence of life imprisonment is unconstitutional, null and void for the reason that the petitioner, an indigent person who was not financially able to employ counsel, was denied the assistance of counsel to defend him against the offenses with which he was charged in the indictment, in violation of the Sixth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The decision in this proceeding is governed and controlled by the decisions of this Court in the recent cases of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Hicklin* v. *Boles,* 149 W. Va. 163, 139 S. E. 2d 182; *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Browning* v. *Boles,* 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Arbraugh* v. *Boles,* 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 264, 140 S. E. 2d 463; and *State ex rel. Jackson* v. *Boles,* 149 W. Va., 140 S. E. 2d 619, which were in large measure based upon and affected by the decision of the Supreme Court of the United States in the recent cases of *Gideon* v. *Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733; *Doughty* v. *Maxwell,* 376 U. S. 202, 84 S. Ct. 702, 11 L. Ed. 2d 650; *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357; *Powell* v. *Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527; *Carnley* v. *Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70; *Moore* v. *Michigan,* 355 U. S. 155, 78 S. Ct. 191, 2 L. Ed. 2d 167; *Uveges* v. *Commonwealth of Pennsylvania,* 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127; *Rice* v. *Olson,* 324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367.

In the *Gideon* case the court declared that the right to assistance of counsel is a fundamental right, essential to a fair

trial, and that the safeguard of counsel provided by the Sixth Amendment to the Constitution of the United States is made obligatory upon the states under the due process clause of the Fourteenth Amendment. In reaching that conclusion the Supreme Court of the United States cited and relied upon its prior decisions in *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357; *Powell* v. *Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527; and *Carnley* v. *Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70.

It is also clear from the record that the petitioner did not waive his right to assistance of counsel in the proceeding in the Circuit Court of Logan County.

In *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, this Court enunciated and applied certain legal principles in points 1, 2, 3, 4 and 5, of the syllabus, which have been and are now reaffirmed and adhered to and applied in this proceeding:

"1. The right of one accused of a crime to the assistance of counsel is a fundamental right, essential to a fair trial; therefore the safeguard of counsel, provided by the Sixth Amendment to the Constitution of the United States, is made obligatory upon the states by virtue of the due process clause of the Fourteenth Amendment.

"2. Courts indulge every reasonable presumption against waiver of a fundamental constitutional right and will not presume acquiescence in the loss of such fundamental right.

"3. The right to the assistance of counsel, being a fundamental right, will not be presumed to have been waived by the failure of the accused to request counsel, by his entry of a guilty plea or by reason of a record silent on the matter of counsel.

"4. The general rule which presumes the regularity of court proceedings is subject to the qualification that, where the record is silent on the question, it can not be presumed that the accused waived his right to the assistance of counsel.

"5.   One accused of a crime may waive his right to the assistance of counsel but such waiver must be made intelligently and understandingly."

As it clearly appears that the petitioner was denied his constitutional right to the assistance of counsel in the criminal proceeding in the Circuit Court of Logan County and that he did not at any time waive that right, the judgment of that court in connection with the conviction of the petitioner of the offense for which he was indicted in that proceeding was and is void and of no force and effect.  For that reason the pertinent provisions of the habitual criminal statute of this State, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, do not apply; and as there was no valid conviction of the principal offense for which the petitioner was indicted the circuit court was without authority or jurisdiction to impose the sentence of life imprisonment under the provisions of that statute and such sentence is void and of no force and effect.  "A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding."   Point 5, syllabus, *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851; point 6, syllabus, *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259.  "A person imprisoned under a void sentence will be released from such imprisonment by a writ of habeas corpus."   Point 7, syllabus, *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; point 4, syllabus, *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159; point 8, syllabus, *State ex rel. Boner* v. *Boles,* 148 W. Va. 802, 137 S. E. 2d 418; *State ex rel. Mundy* v. *Boles,* 148 W. Va. 752, 137 S. E. 2d 240; *State ex rel. Facemyer* v. *Boles,* 148 W. Va. 702, 137 S. E. 2d 237; *State ex rel. Nicholson* v. *Boles,* 148 W. Va. 229, 134 S. E. 2d 576, and the many cases cited in the opinion in the *Nicholson* case.

Inasmuch as the sentence of life imprisonment imposed upon the petitioner by the Circuit Court of Logan County by its judgment rendered February 21, 1955, is void and of no force and effect, the relief prayed for in his petition is granted and the defendant is required to release the peti-

tioner forthwith from confinement under the judgment by virtue of which he is now imprisoned in the penitentiary of this State.

*Prisoner discharged.*