STATE *ex rel.* HARVEY V. KELLY

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12408)

Submitted February 16, 1965.    Decided March 9, 1965.

*Arthur Recht,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original habeas corpus proceeding, instituted in this Court on December 11, 1964, the petitioner, Harvey V. Kelly, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from the penitentiary where he is presently confined under a sentence of life imprisonment imposed by the Intermediate Court of Ohio County, West Virginia, on December 5, 1936. Upon the filing of the petition this Court issued a writ returnable February 16, 1965 and appointed counsel to represent the petitioner in this proceeding.

Upon the return day of the writ this proceeding was submitted for decision upon the petition and its exhibits, the answer of the defendant, the written brief in behalf of the petitioner, and the oral arguments in behalf of the

respective parties. No written brief was filed in behalf of the defendant, who produced the body of the petitioner as commanded by the writ, and who admitted in his answer that the record in the criminal proceeding in the Intermediate Court of Ohio County is silent as to whether the petitioner was advised as to his right to the assistance of counsel and as to whether he intelligently waived such right.

The record consists of the indictment returned at the October 1936 Term of that court, which charged the petitioner with the crime of murder, and three orders entered by the court, which are filed as exhibits with the petition. The first order entered October 13, 1936, states that on that day the defendant Harvey Kelly personally appeared in court in the custody of the sheriff, that the Prosecuting Attorney of Ohio County also appeared in behalf of the State, and that the case was set for trial on November 30, 1936. The second order entered November 30, 1936, recites that the defendant Harvey Kelly appeared in his own proper person in the custody of the sheriff, that the prosecuting attorney appeared in behalf of the State, and that the case was continued to December 5, 1936, for the plea of the defendant. The third order entered December 5, 1936, states that the defendant Harvey Kelly appeared in court in his own proper person in the custody of the sheriff, that the prosecuting attorney appeared in behalf of the State, and that the defendant entered a plea of guilty to the felony charged against him in the indictment. The order further recites that the court then inquired of the defendant if he knew or had anything to say why sentence of the court should not be pronounced against him and, nothing being alleged in delay of such sentence, the court sentenced the defendant Harvey Kelly to life imprisonment in the penitentiary of this State.

Each of the foregoing orders entered by the intermediate court is silent with respect to the appointment or the presence of counsel for the petitioner and it is clear from the record that he did not waive his right to the assistance of counsel in the proceeding in the intermediate court.

The petitioner contends that the sentence of life imprisonment is unconstitutional, null and void for the reason that the petitioner, an indigent person who was not financially able to employ counsel, was denied the assistance of counsel to defend him against the offense with which he was charged in the indictment, in violation of the Sixth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The decision in this proceeding is governed and controlled by the decisions of this Court in the recent case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, and in the subsequent cases of *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Browning* v. *Boles,* 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Arbraugh* v. *Boles,* 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 264, 140 S. E. 2d 463; *State ex rel. Jackson* v. *Boles,* 149 W. Va. 279, 140 S. E. 2d 619; and *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624, which were in large measure based upon and affected by the decision of the Supreme Court of the United States in the recent case of *Gideon* v. *Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733, and the other decisions of that Court cited in the opinion in *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259.

As it appears from the record of the proceeding in the trial court that the petitioner was denied his fundamental right to the assistance of counsel secured to him by the Sixth Amendment and that he was denied due process of law under the provisions of the Fourteenth Amendment to the Constitution of the United States, the sentence of life imprisonment under which he is now confined in the penitentiary of this State is void and of no force and effect; and such judgment, being void, is subject to collateral attack and its enforcement will be prevented in a habeas corpus proceeding. *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

For the foregoing reasons the relief prayed for by the

petitioner is granted and the defendant is required to release the petitioner forthwith from confinement under the judgment by virtue of which he is now imprisoned in the penitentiary of this State.

*Prisoner discharged.*