STATE *ex rel.* RANDY WADKINS

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12400)

Submitted February 2, 1965.        Decided March 9, 1965.

*John C. Valentine,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original habeas corpus proceeding instituted in this Court on December 8, 1964, the petitioner, Randy Wadkins, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from the penitentiary where he is presently confined under a sentence for an indeterminate term of from one year to ten years, imposed by the Circuit Court of Logan County, West Virginia, on June 30, 1961. Upon the filing of the petition this Court issued a writ returnable February 2, 1965 and appointed counsel to represent the petitioner in this proceeding.

Upon the return day of the writ this proceeding was submitted for decision upon the petition, the answer of the

defendant and its exhibits, the written brief in behalf of the petitioner, and the oral arguments in behalf of the respective parties. No written brief was filed in behalf of the defendant, who produced the body of the petitioner as commanded by the writ and who admitted in his answer that the record in the criminal proceeding in the Circuit Court of Logan County is silent as to whether the petitioner was advised as to his right to the assistance of counsel and as to whether he intelligently waived such right.

The record· consists of the indictment returned at the May 1961 Term of that court, which charged the petitioner with the crime of receiving stolen goods, and two orders entered by the court, which are filed as exhibits with the answer. The first order entered May 12, 1961, states that Randy Wadkins and another, who were indicted for a felony, each appeared in court and for plea, each in his own proper person, entered a plea of guilty to the indictment, and that the court took time to consider of its judgment until June 30, 1961. The second order entered June 30, 1961, states that Randy Wadkins, who had previously entered a plea of guilty to the crime of receiving stolen goods, appeared in court and that the court fixed his punishment as confinement in the penitentiary of this State for an indeterminate term of one year to ten years. The order further recites that Randy Wadkins was asked if he had anything to say why the court should not proceed to pronounce sentence against him, and that nothing being offered in delay of judgment, the court pronounced the sentence that he be confined in the penitentiary of this State for an indeterminate term of one year to ten years with the recommendation that he be so confined for a minimum term of one year.

Each of the foregoing orders entered by the circuit court is silent with respect to the appointment or the presence of counsel for the petitioner and it is clear from the record that he did not waive his right to the assistance of counsel in the proceeding in the circuit court.

The petitioner contends that the sentence for an indeterminate term of one year to ten years is unconstitutional,

null and void for reason that the petitioner, an indigent person who was not financially able to employ counsel, was denied the assistance of counsel to defend him against the offense with which he was charged in the indictment, in violation of the Sixth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The decision in this proceeding is governed and controlled by the decisions of this Court in the recent case of *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177, and in the subsequent cases of *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Browning* v. *Boles,* 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Arbraugh* v. *Boles,* 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 264, 140 S. E. 2d 463; *State ex rel. Jackson* v. *Boles,* 149 W. Va. 279, 140 S. E. 2d 619; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297 140 S. E. 2d 624; and *State ex rel. Kelley* v. *Boles,* 149 W. Va. 303, 140 S. E. 2d 622, which were in large measure based upon and affected by the decision of the Supreme Court of the United States in the recent case of *Gideon* v. *Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733, and the other decisions of that Court cited in the opinion in *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259.

As it appears from the record of the proceeding in the trial court that the petitioner was denied his fundamental right to the assistance of counsel secured to him by the Sixth Amendment and that he was denied due process of law under the provisions of the Fourteenth Amendment to the Constitution of the United States, the sentence for the indeterminate term of one year to ten years under which he is now confined in the penitentiary of this State is void and of no force and effect; and such judgment, being void, is subject to collateral attack and its enforcement will be prevented in a habeas corpus proceeding. *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

For the foregoing reasons the relief prayed for by the

petitioner is granted and the defendant is required to release the petitioner forthwith from confinement under the judgment by virtue of which he is now imprisoned in the penitentiary of this State.

*Prisoner discharged.*