STATE *Ex Rel.* SIMON WHYTSELL, JR.

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12422)

Submitted February 23, 1965.     Decided March 16, 1965.

*Otis L. O'Connor,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on January 25, 1965, in which the petitioner, Simon Whytsell, Jr., who is presently confined in the penitentiary of this State by virtue of a sentence of life imprisonment as a habitual criminal imposed by the Circuit Court of Calhoun County, West Virginia, by its final judgment entered April 14, 1954, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

On January 25, 1965, this Court issued a writ returnable February 23, 1965, at which time the defendant produced

the petitioner in open court in obedience to the command of the writ and filed his answer, in which he alleged that the petitioner was found guilty of the principal offense charged against him; that an information was filed setting forth two previous felony convictions of the petitioner; that the petitioner acknowledged that he was the same person named in the information and was sentenced to life imprisonment as a recidivist; and that the petitioner was adequately represented by court appointed counsel in the criminal proceeding in the Circuit Court of Calhoun County; and on that day this proceeding was heard and submitted for decision upon the petition and its exhibits, the demurrer and the answer of the defendant, and the written briefs and the oral arguments in behalf of the respective parties.

The petitioner was indicted jointly with Elmer Erwin Riddle by the grand jury of Calhoun County at the April 1953 Term of the circuit court of that county for the crime of grand larceny. On April 14, 1954, the circuit court appointed counsel to represent the petitioner in that proceeding and the petitioner entered his plea of not guilty to the indictment; and upon a separate trial by a jury the jury returned a verdict of guilty as charged in the indictment. At the same time and before the imposition of sentence the prosecuting attorney filed an information which charged that on April 18, 1950 the petitioner was convicted in the Circuit Court of Calhoun County of the offense of uttering a worthless check which was punishable by confinement in the penitentiary of this State and was duly sentenced upon such conviction to confinement in the penitentiary for an indeterminate sentence of not less than one year or more than five years, and that on April 22, 1942, the petitioner was also convicted in the Circuit Court of Calhoun County of the offense of forgery which was punishable by confinement in the penitentiary and was duly sentenced to such confinement for a term of not less than two years or more than ten years. The court then inquired of the petitioner whether he was the same person so convicted and after having been duly cautioned the petitioner acknowledged that he was the same person who

had been twice previously convicted and sentenced for the foregoing felonies; and by its final judgment entered April 14, 1954, the petitioner was sentenced to confinement in the penitentiary of this State for the term of his natural life.

Copies of the orders entered by the circuit court in each of the criminal proceedings, in which the petitioner was previously convicted and sentenced, filed as exhibits with the petition, are silent with respect to the appointment or the presence of counsel for the petitioner and as to whether he was advised as to his right to the assistance of counsel and whether he intelligently waived such right.

The petitioner has also filed an affidavit in this proceeding, which is not denied, in which he states that he was not represented by counsel at any stage in either proceeding in which he was convicted on April 18, 1950 and on April 22, 1942; that he did not have financial means to hire an attorney to represent him; that he did not know that he could request the court to appoint an attorney to represent him or that he had the right to have an attorney appointed for that purpose; that he did not demand the appointment of an attorney because he did not know that he could have an attorney unless he employed one; that he was never informed by the judge, the prosecuting attorney or any other person that he could request and obtain the appointment of an attorney to represent him; that he never knowingly waived his right to the assistance of counsel; that he would not have done so if he had been adequately informed of his right; that if he could have obtained counsel to represent him by requesting the judge to appoint an attorney to act as his counsel he would have made such request; and that he believes that had he been represented and advised by competent counsel with regard to the charges against him in those proceedings the outcome of those charges would have been substantially altered.

The petitioner contends that the sentence of life imprisonment is unconstitutional, null and void for the reason that he was denied the assistance of counsel to defend him

against the offenses for which he was previously convicted in each of the two former criminal proceedings against him in the Circuit Court of Calhoun County.

In the recent cases of *State ex rel. Powers* v. *Boles*, 149 W. Va. 6, 138 S. E. 2d 159; *State ex rel. May* v. *Boles*, 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Hicklin* v. *Boles*, 149 W. Va. 163, 139 S. E. 2d 182; *State ex rel. Stumbo* v. *Boles*, 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Browning* v. *Boles*, 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Arbraugh* v. *Boles*, 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. Calloway* v. *Boles*, 149 W. Va. 264, 140 S. E. 2d 463; *State ex rel. Jackson* v. *Boles*, 149 W. Va. 279, 140 S. E. 2d 619; *State ex rel. Calloway* v. *Boles*, 149 W. Va. 297, 140 S. E. 2d 624; and *State ex rel. Wadkins* v. *Boles*, 149 W. Va. 306, 140 S. E. 2d 620, following the decisions of the Supreme Court of the United States in *Gideon* v. *Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733; *Doughty* v. *Maxwell*, 376 U. S. 202, 84 S. Ct. 702, 11 L. Ed. 2d 650; *Carnley* v. *Cochran*, 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70; *Chewning* v. *Cunningham*, 368 U. S. 443, 82 S. Ct. 498, 7 L. Ed. 2d 442; *Johnson* v. *Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357; and *Powell* v. *Alabama*, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527; and the decisions of the United States Courts of Appeals in *United States ex rel. Durocher* v. *LaVallee*, 330 F. 2d 303, 2d Cir., certiorari denied, 377 U. S. 998, 84 S. Ct. 1921, 12 L. Ed. 2d 1048; and *Jones* v. *Cunningham*, 319 F. 2d 1, 4th Cir., this Court has held that the right to the assistance of counsel is a fundamental right, essential to a fair trial, that the safeguard of counsel provided by the Sixth Amendment to the Constitution of the United States is made obligatory upon the states under the due process clause of the Fourteenth Amendment, that such right will not be presumed to have been waived by the entry of a plea of guilty by the accused where the record is silent as to such waiver, by the failure of the accused to request counsel, or by reason of a record silent on the matter of the assistance of counsel; and that though a person accused of a crime may waive his

right to the assistance of counsel such waiver must be made intelligently and understandingly. At the time the petitioner was charged with the commission of the crimes for which he was convicted in the former proceedings in the Circuit Court of Calhoun County in 1950 and in 1942, he was entitled to the assistance of counsel and, with respect to the record in those proceedings, there is no indication that the petitioner was represented by counsel or that he intelligently waived that right; or that the defendant offered anything to show that the petitioner was in fact represented by counsel or that he intelligently waived his right to the assistance of counsel. For these reasons the judgments entered in connection with the convictions and sentences in the foregoing proceedings are void and of no force and effect.

In the *Chewning* case the Supreme Court of the United States, declaring that the trial on a charge of being a habitual criminal is such a serious one, the issues presented are so complex and the potential prejudice resulting from the absence of counsel is so great, held that the trial and conviction of an accused under the Virginia Recidivist Statute, who was not represented by counsel, violated the due process clause of the Fourteenth Amendment to the Constitution of the United States. In the opinion, after mentioning some of the problems which might arise upon such trial, the Court said: "We only conclude that a trial on a charge of being a habitual criminal is such a serious one (*Chandler* v. *Fretag,* 348 U. S. 3), the issues presented under Virginia's statute so complex and the potential prejudice resulting from the absence of counsel so great that the rule we have followed concerning the appointment of counsel in other types of criminal trials is equally applicable here."

In *United States ex rel. Durocher* v. *LaVallee,* 330 F. 2d 303, 2d Cir., certiorari denied, 377 U. S. 998, 84 S. Ct. 1921, 12 L. Ed. 2d 1048, a habeas corpus proceeding which was consolidated and heard with three other such proceedings by the United States Court of Appeals for the Second Circuit and in which four New York prisoners, serving

increased sentences as second offenders, claiming that they were not advised of their right to counsel when pleading guilty in a state trial court, sought to invalidate their first convictions under the due process clause of the Fourteenth Amendment, the appellate court, by a vote of five to two of the seven participating judges, following and adhering to the holding in the *Gideon* and *Doughty* cases, held such first convictions to be invalid and reversed the judgments of the district courts which refused a writ in each of those proceedings. The majority opinion contains these paragraphs:

"In following Doughty and concluding that Gideon must be retrospectively applied, we are not unmindful of nor unconcerned with the practical difficulties engendered by such a decision, and the great burden which it will place upon the District Judges. It is likely that the number of state prisoners able to avail themselves of Gideon will far exceed the number of federal offenders, convicted without counsel, who spurred the 'avalanche' of petitions which followed *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), and its holding that the failure to provide counsel in federal prosecutions could furnish the basis for post-conviction collateral relief. While Johnson applied only to federal prisoners, Gideon affects prisoners convicted under many state criminal systems.

"It is also likely that the state prisoners benefitted by Gideon will include far more serious offenders than the federal prisoners affected by *Johnson* v. *Zerbst.* Not only do the state courts, by and large, deal with the more serious offenders, but state sentences are notoriously longer than federal sentences, and hence more petitions will be forthcoming. Indeed, those prisoners who have committed the more serious crimes and who are thus serving the longer sentences may be the primary beneficiaries of our ruling. Because they have been incarcerated for a longer period and in view of the fact that more time has thus elapsed since the commission of their crime, it will be the hardest to retry precisely those offenders who, in the interests of an ordered society, should least be permitted to remain at large.

"Finally, the District Courts may find it difficult to determine whether those tried in the remote past were indeed denied the assistance of counsel. Records may be stale, incomplete, or missing, and it may hence be difficult accurately to reconstruct events at prosecutions long ago and far away.

"These prospects are deeply disturbing. Here, however, the fundamental nature of the right protected by *Gideon* v. *Wainwright* and the injustice attendant upon the continued imprisonment of those defendants who have been denied representation by counsel at an important stage of a criminal prosecution, have precluded the limitation of Gideon to prospective application. As the Supreme Court recognized in Gideon and as Judge Clark was careful to make clear, 'under our Constitution, fair trial is not a luxury, but a necessity.' "

In *Jones* v. *Cunningham,* 319 F. 2d 1, 4th Cir., a habeas corpus proceeding, the United States Court of Appeals, Fourth Circuit, held that the conviction of a youthful defendant upon his plea of guilty in a criminal proceeding in which he did not have the assistance of counsel was invalid and that a recidivist sentence imposed upon him subsequently for another offense in addition to the sentence imposed upon the previous conviction was an illegal sentence.

The holding in the *Gideon* case, that the denial of the fundamental right of the defendant to the assistance of counsel in a criminal proceeding, violates the Sixth Amendment as made obligatory upon the states by the Fourteenth Amendment, applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and such conviction and any sentence of imprisonment imposed upon it, being null and void because of such denial, can not justify or support the imposition of any additional punishment under any such statute. To justify the imposition, under the recidivist statute of this State, of a sentence in excess of the sentence provided for the principal offense, the previous conviction and sentence must be a valid conviction and sentence; and if such previous con-

viction and sentence are void they will not constitute the basis for the imposition of the punishment provided by such statute and, in that situation, such statute will be deemed to be wholly inapplicable. As the two previous convictions and sentences imposed upon the petitioner on April 15, 1950 and April 22, 1942 are void and of no force and effect, no valid sentence in excess of the minimum sentence of an indeterminate term of one year to ten years for the principal offense of grand larceny could be imposed under the recidivist statute of this State. Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, and the sentence of life imprisonment imposed upon the petitioner under that statute is null and void and its enforcement will be prevented in this habeas corpus proceeding. "A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding." Point 6, syllabus, *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624; point 6, syllabus, *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; point 5, syllabus, *State ex rel. Beckett* v. *Boles,* 149 W. Va. 115, 138 S. E. 2d 851. "A person imprisoned under a void sentence will be released from such imprisonment by a writ of habeas corpus." Point 7, syllabus, *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624; point 7, syllabus, *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; point 4, syllabus, *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159; point 8, syllabus, *State ex rel. Boner* v. *Boles,* 148 W. Va. 802, 137 S. E. 2d 418; *State ex rel. Mundy* v. *Boles,* 148 W. Va. 752, 137 S. E. 240; *State ex rel. Facemyer* v. *Boles,* 148 W. Va. 702, 137 S. E. 2d 237; *State ex rel. Nicholson* v. *Boles,* 148 W. Va. 229, 134 S. E. 2d 576, and the many cases cited in the opinion in that case.

The petitioner also contends that he is entitled to be released from his present confinement in the penitentiary because his trial at the April 1954 Term, contrary to the provisions of Section 21, Article 3, Chapter 62, Code, 1931, as amended, did not occur until the expiration of three regular terms of court after the indictment was found

against him at the April 1953 Term of the court. This contention is without merit. This Court has held in *State ex rel. Smith* v. *DeBerry,* 146 W. Va. 534, 120 S. E. 2d 504, that the three regular terms of court, essential to the right of the defendant to be discharged from further prosecution pursuant to the provisions of that statute, are regular terms occurring subsequently to the end of the term at which the indictment against him is found and that the term at which the indictment is returned is not to be counted in favor of the discharge of such defendant. Excluding the April 1953 Term at which the petitioner was indicted for the principal offense, the April 1954 Term at which the petitioner was tried and convicted of the principal offense was the third term occurring after the indictment was returned against him and his trial and conviction at that term did not contravene the provisions of the statute.

At his trial upon the indictment for the principal offense of grand larceny the petitioner was afforded the assistance of counsel. He had a fair trial, no right of the petitioner was violated or denied, and the circuit court had jurisdiction of the proceeding. The conviction of the principal offense for which the petitioner was tried in the Circuit Court of Calhoun County in 1954 was regular and valid in all respects and subjected the petitioner to a sentence of imprisonment in the penitentiary of this State for an indeterminate term of one year to ten years; and if such sentence had been imposed by the circuit court, instead of the invalid sentence of life imprisonment, it would have required his confinement in the penitentiary for the indeterminate term provided by law. It clearly appears, however, that the maximum period of such confinement terminated and did not extend beyond April 14, 1963, and that the prisoner, who is still confined in the penitentiary, has fully served the maximum period of the sentence provided by law. For that reason he is entitled to be released from his present confinement and the defendant is directed to release him forthwith from the confinement imposed by the judgment of the Circuit Court of Calhoun County.

*Prisoner discharged.*