STATE *ex rel.* BENNY J. ROBISON

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12423)

Submitted April 27, 1965.          Decided May 11, 1965.

*Amos C. Wilson,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court February 1, 1965. The petitioner, Benny J. Robison, who is presently confined in the penitentiary of this State by virtue of a sentence for an indeterminate term of one year to ten years, imposed by the Circuit Court of Logan County by judgment rendered October 26, 1961, and by virtue of sentences of fifteen months and an indeterminate term of one year to ten years, imposed by the Circuit Court of Randolph County by final judgments

rendered January 24, 1964, which sentences imposed by the Circuit Court of Randolph County are to run concurrently and to begin at the end of the indeterminate term imposed by the Circuit Court of Logan County, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

On February 1, 1965, this Court awarded a writ returnable March 2, 1965 and appointed counsel to represent the petitioner in this proceeding. On the return day of the writ, by agreement of counsel representing the respective parties and by leave of this Court, this proceeding was continued until April 27, 1965, at which time it was heard and submitted for decision upon the petition, the demurrer and the answer and the amended answer of the defendant and the exhibits, and the written briefs and the oral argument in behalf of the respective parties.

The petitioner was indicted by the grand jury of Logan County on September 12, 1961, for the crime of breaking and entering. On September 15, 1961, the petitioner was arraigned and entered a plea of guilty to the charge and on October 26, 1961, the Circuit Court of Logan County by final judgment sentenced the petitioner to confinement in the penitentiary of this State for an indeterminate term of not less than one year or more than ten years. The court orders, showing the arraignment of the petitioner, the entry of his plea of guilty, and the judgment sentencing him to confinement in the penitentiary, disclose that the petitioner appeared in the custody of the sheriff but they are silent with respect to any appointment of counsel for the petitioner or that he was represented by counsel. While the petitioner was confined in the penitentiary under the foregoing sentence he was assigned to the medium security prison at Huttonsville, in Randolph County, West Virginia, and on October 27, 1963, he escaped from that prison. He was captured and on January 21, 1964, he was indicted for the crime of escaping from prison and for the crime of grand larceny of an automobile while at large after his escape; and on January 24, 1964, upon his plea of guilty

to each of those offenses, he was sentenced to further confinement in the penitentiary for the commission of each of those offenses. The judgment order, sentencing the petitioner to confinement in the penitentiary for a period of fifteen months for the crime of escaping from prison, recites that the court advised the petitioner of his right to counsel, asked him if he desired to have counsel appointed by the court, and that the defendant stated that he waived his right to the assistance of counsel. The judgment order, sentencing the petitioner to confinement in the penitentiary for an indeterminate term of not less than one year or more than ten years for the offense of grand larceny, shows that the defendant was represented by counsel at the time he entered his plea of guilty to that offense.

The petitioner contends that the sentence for an indeterminate term of one year to ten years for the offense of breaking and entering, imposed by the Circuit Court of Logan County, is unconstitutional, null and void for the reason that the petitioner, an indigent person who was not able financially to employ counsel, was denied the assistance of counsel to defend him against that offense, in violation of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and that the sentences imposed by the Circuit Court of Randolph County of fifteen months for the offense of escaping from prison and an indeterminate term of one year to ten years for the offense of grand larceny are also unconstitutional, null and void for the reason that in the proceeding in which those sentences were rendered the petitioner was not provided with the assistance of effective counsel to defend him against those offenses.

It sufficiently appears that in the criminal proceeding, in which the petitioner was sentenced to an indeterminate term of one year to ten years for the crime of breaking and entering by the Circuit Court of Logan County, the petitioner was denied the assistance of counsel to defend him against that offense. A judgment of imprisonment rendered in a criminal proceeding in which the accused

is denied the assistance of counsel is a void judgment and its enforcement will be prevented in a habeas corpus proceeding. *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624, and the many cases cited in the opinion in that case; *State ex rel. Kelly* v. *Boles,* 149 W. Va. 303, 140 S. E. 2d 622; *State ex rel. Wadkins* v. *Boles,* 149 W. Va. 306, 140 S. E. 2d 620.

In *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851, this Court held in point 5 of the syllabus that "A judgment which is wholly void, or is void in part, is subject to collateral attack and the enforcement of such judgment will be prevented in a habeas corpus proceeding." *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70; *State ex rel Calloway* v. *Boles,* 149 W. Va. 297, 140 S. E. 2d 624; *State ex rel. Kelly* v. *Boles,* 149 W. Va. 303, 140 S. E. 2d 622; *State ex rel. Wadkins* v. *Boles,* 149 W. Va. 306, 140 S. E. 2d 620.

There is no merit to the contention of the petitioner that he was denied the assistance of effective counsel in the criminal proceeding in which he was sentenced to imprisonment in the penitentiary by the judgments rendered by the Circuit Court of Randolph County on January 24, 1964. The record in the proceeding in which the petitioner was sentenced to confinement in the penitentiary for fifteen months for the crime of escaping from prison shows clearly and without contradiction that the petitioner was informed by the trial court of his constitutional right to counsel and that the petitioner intelligently and understandingly waived his right to the assistance of counsel with respect to that offense. Inasmuch, however, as the act of the petitioner in escaping from imprisonment in the security prison at Huttonsville in Randolph County was, in reality, an escape from imprisonment under a void judgment, his action in so doing did not constitute an offense and the judgment of imprisonment in the penitentiary for fifteen months for such escape was a void judgment. In *State ex rel. McGilton* v. *Adams,* 143 W. Va. 325, 102 S. E. 2d 145, 70 A. L. R. 2d 1425, this Court held in point 3 of the syllabus that "The escape

from custody, of a person confined in the penitentiary under a void judgment and sentence, does not constitute a crime and a conviction therefor is likewise void." See also *State v. Pishner,* 73 W. Va. 744, 81 S. E. 1046, 52 L. R. A., N. S., 369.

It is also clear from the record that the petitioner was afforded the effective assistance of counsel in the proceeding in which, upon his plea of guilty, he was sentenced by the Circuit Court of Randolph County on January 24, 1964, to confinement in the penitentiary of this State for an indeterminate term of one year to ten years for the offense of grand larceny which he committed after he escaped from the Huttonsville Medium Security Prison. Though the petitioner alleges in his petition that he was not afforded the effective assistance of counsel because his counsel was not appointed in sufficient time before the rendition of the judgment to enable him to prepare a defense to the charge of grand larceny, the petitioner makes no showing of any factual situation to sustain that contention or that his counsel was not appointed in sufficient time to enable him to prepare a defense. There is no contention or showing that the petitioner sought a continuance to enable his attorney to investigate the charge against him or to prepare a defense. In *State ex rel. Clark v. Adams,* 144 W. Va. 771, 111 S. E. 2d 336, certiorari denied, 363 U. S. 807, 80 S. Ct. 1242, 4 L. Ed. 2d 1149, this Court held that a person serving a sentence in a penitentiary, who seeks relief by habeas corpus on the ground that the appointment by the court of an alleged incompetent attorney to conduct his defense in a criminal proceeding amounts to a denial of his right to the assistance of counsel, guaranteed by Article III, Section 14, of the Constitution of this State and by the Sixth Amendment to the Constitution of the United States, has the burden of establishing by proof that the appointment of such counsel constituted a denial of his constitutional right to the assistance of counsel. See also *Brubaker v. Dickson,* 9th circuit, 310 F. 2d 30, certiorari denied, 372 U. S. 978, 83 S. Ct. 1110, 10 L. Ed. 2d 143; *Johnson v. Burke,* 238 F. Supp. 104. In the opinion in the *Clark* case this Court said: "To justify a writ of habeas

corpus upon the ground of incompetency of counsel an extreme case must exist and it must appear that there has been much more than inadequacy of representation by counsel chosen by the defendant."

It is clear that the petitioner did not intend to make any defense against the charge of grand larceny and that he was afforded the assistance of counsel in sufficient time to enable counsel to protect his rights before the petitioner, evidently upon the recommendation of his counsel, decided to enter his plea of guilty to the indictment against him for the crime of grand larceny.

Inasmuch as the sentence imposed by the Circuit Court of Logan County of imprisonment in the penitentiary of this State for an indeterminate term of one year to ten years for the offense of breaking and entering and the sentence imposed by the Circuit Court of Randolph County of imprisonment in the penitentiary of this State for a period of fifteen months for the offense of escaping from prison are void and unenforceable, the enforcement of each of those sentences is prevented in this proceeding. The sentence imposed by the Circuit Court of Randolph County of confinement in the penitentiary of this State for an indeterminate term of one year to ten years for the offense of grand larceny, however, being a valid sentence which has not been completely served or satisfied by the petitioner and which should commence as of January 24, 1964, the date of its rendition, must be served by the petitioner; and until he does so he is not entitled to release from his confinement under that sentence. Accordingly the petitioner is remanded to the custody of the defendant until the petitioner has served the sentence of confinement in the penitentiary of this State imposed by the Circuit Court of Randolph County by its judgment rendered January 24, 1964.

*Prisoner remanded.*