STATE *ex rel.* CHARLES A. COGAR

*v.*

LLOYD E. HAYNES, *Warden of the Huttonsville Correctional Center*

(No. 13050)

Submitted February 2, 1971.      Decided March 2, 1971.

Dissenting Opinion April 22, 1971.

*Ernest V. Morton, Jr.*, for relator.

*Chauncey H. Browning, Jr.*, Attorney General, *Willard A. Sullivan*, Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this original proceeding in habeas corpus, Charles A. Cogar, the relator, seeks a writ to compel the respondent,

Lloyd E. Haynes, Warden of the Huttonsville Correctional Center, to release him from custody.

The facts of the case are undisputed. The issue to be determined by the Court is whether the indictment upon which the relator was convicted charges an offense under the laws of this state, and, if so, whether the offense charged is a felony or a misdemeanor.

On January 8, 1969, the relator was indicted in the Circuit Court of Webster County for "unlawfully and feloniously" destroying property. The specific language of the indictment is as follows:

> "* * * that Charles A. Cogar, on the 14th day of September, 1968, in the County of Webster, did unlawfully and feloniously destroy, injure and deface the real property belonging to William R. Snyder, Jr., situated in Cherry Falls, Webster County, West Virginia, by then and there throwing rocks, beer bottles and boards through the window of said real property, thereby causing damage in the amount of Two Hundred Dollars ($200.00), and by unlawfully and feloniously damaging and destroying awnings on said building, the damage to said building and awnings being in the sum of Six Hundred Ninety Dollars ($690.00), and otherwise destroying the real estate of the said William Snyder, Jr., against the peace and dignity of the State."

On May 12, 1969, the relator appeared in court in person and by counsel and entered a plea of guilty "to the crime charged in the indictment." At the same time the relator, by counsel, made an application for probation. By an order entered on September 18, 1969, the circuit court denied the relator's application for probation and sentenced him to the West Virginia State Penitentiary "for a term generally as provided by law."

On September 24, 1969, the relator, by counsel, filed a written motion to set aside the sentence imposed by the circuit court, setting forth the following three grounds in support of the motion:

"1. The indictment does not charge any offense under the Laws of the State of West Virginia.

"2. The indictment is couched in the language of West Virginia Code 61-3-30, which Code described only a misdemeanor and makes no provision for a felony as charged in the indictment in this case.

"3. There is no penalty prescribed by the laws of the State of West Virginia for the crime allegedly charged in the indictment in this action."

The trial court, by an order entered on September 29, 1969, took the motion under advisement, suspended the execution of the sentence previously imposed and provided for the relator to be released on bond. The record indicates that there was an "informal agreement" by the trial court, the relator and his counsel to the effect that the court would hold the motion in abeyance and would sustain the relator's motion within a reasonable time if the relator in the meantime violated no other laws and conducted himself properly.

Approximately a year later, the relator was convicted of several misdemeanors in a justice of the peace court. The circuit court, by an order entered on September 28, 1970, took cognizance of the fact that the relator had been convicted of certain misdemeanor charges and ordered that the sentence previously imposed on September 18, 1969, be "repronounced" and that the relator be sentenced to an indeterminate term of imprisonment in the state penitentiary of not less than one year nor more than ten years.

The indictment upon which the relator was convicted is couched in the language of Code, 1931, 61-3-30. The pertinent portion of the statute reads as follows:

"If any person unlawfully, but not feloniously, take and carry away, or destroy, injure or deface any property, real or personal, not his own, he shall be guilty of a misdemeanor, and, upon conviction, be fined not exceeding one hundred dollars, and may, in the discretion of the court, be confined in jail not exceeding sixty days."

The habeas corpus petition alleges that neither "the Court below nor the prosecuting attorney" was able to find any authority sustaining the validity of the indictment. The petition further alleges that the indictment is "void". It concludes with a prayer that the relator be discharged from his imprisonment in the state penitentiary and that this Court "may make such orders and grant such relief to your petitioner as the nature of his case may require and as may be meet and proper in the premises."

In the return filed in behalf of the respondent, it is denied that the indictment is void. It is alleged affirmatively that the relator's plea of guilty was made voluntarily, knowingly and intelligently; that the indictment charged the relator with destruction of real property "in violation of Code 61-3-30, a misdemeanor;" and that the relator's conviction "is valid, proper and not void." The return concludes with a prayer that the relator's "conviction be upheld."

Counsel for the respondent, by brief and oral argument in this Court, have stated that their research failed to disclose any crime at common law which would authorize a court to regard the offense charged in the indictment in this case as a felony punishable by confinement in the state penitentiary. We are not aware of any statute in this state which creates any felony based on an act of destroying, injuring or defacing property as charged in the indictment in this case. Counsel for the respective parties have been unable to direct our attention to any statute or to any portion of the common law which could form basis of authority in the trial court to impose upon the relator a sentence to the state penitentiary upon his plea of guilty to the offense charged in the indictment in this case.

We note, as do counsel for the relator and counsel for the respondent by brief and oral argument in this Court, that the indictment is couched in the language of Code, 1931, 61-3-30. Parenthetically, we note that the statute was amended in 1969, after the return of the indictment involved in this case. The amended statute, of course, is not pertinent to this case. The amendment made no substantial change in the

pertinent· language of the statute except to increase the severity of the penalty. The statute, both in its original form and also as amended, contains this language: "If any person unlawfully, but not feloniously, take and carry away, or destroy, injure or deface any property, real or personal, not his own, *he shall be guilty of a misdemeanor,* * * *." ( Italics supplied.) Thereafter the statute, both in its original form and as amended, provides for punishment by fine and, in the discretion of the court, by imprisonment in the county jail.

We agree with counsel for the respondent that the indictment properly charges an offense pursuant to the provisions of the statute. The trial court's order entered on May 26, 1969, states that the court accepted the plea of guilty "and does hereby find that the defendant is guilty as charged in said indictment." The statute in question specifically states that one convicted of the offense therein defined "shall be guilty of a misdemeanor." As we have stated previously, the statute provides a penalty of a fine and, in the discretion of the court, imprisonment in the county jail. Code, 1931, 61-11-1, as amended, defines felonies and misdemeanors as follows:

> "Offenses are either felonies or misdemeanors. Such offenses as are punishable by confinement in the penitentiary are felonies; all other offenses are misdemeanors."

In *State v. Harr,* 38 W.Va. 58, 65, 17 S.E. 794, 796, the Court, after referring to the statute quoted immediately above, made the following statement: "It is the punishment prescribed by statute, which determines whether the offence be felony or not; so that in this State there are no felonies except such as are so designated by statute."

For reasons previously stated, we are of the opinion that the indictment in this case properly charges a misdemeanor pursuant to the provisions of Code, 1931, 61-3-30; that the relator, upon his plea of guilty, was convicted of the misdemeanor thus charged in the indictment; that the trial court was not authorized, either by statute or by common law, to sentence the relator to imprisonment in the state penitentiary upon his conviction of the crime charged in the indictment;

that the sentence to the state penitentiary is void; and that the relator, in this habeas corpus proceeding, is entitled to demand his discharge from imprisonment pursuant to his sentence to the state penitentiary. "If a sentence under which a person is confined to the penitentiary is void, a writ of habeas corpus will be granted to release him from such imprisonment." *State ex rel. Truslow v. Boles*, 148 W.Va. 707, pt. 2 syl., 137 S.E.2d 235. To the same effect, see *State ex rel. Whytsell v. Boles*, 149 W.Va. 324, pt. 4 syl., 141 S.E.2d 70; *State ex rel. Calloway v. Boles*, 149 W.Va. 297, pt. 7 syl., 140 S.E.2d 624; *State ex rel. Boner v. Boles*, 148 W.Va. 802, pt. 8 syl., 137 S.E.2d 418; *State ex rel. Nicholson v. Boles*, 148 W.Va. 229, pt. 2 syl., 134 S.E.2d 576; *State ex rel. Ashworth v. Boles*, 148 W.Va. 13, pt. 3 syl., 132 S.E.2d 634.

The confusion in this case involves the italicized portion of the following language of the statute: "If any person unlawfully, *but not feloniously,* * * * destroy, injure or deface any property, real or personal, not his own, he shall be guilty of a misdemeanor, * * *." We do not undertake to explain why the legislature included in the statute the words, "but not feloniously". The mere fact that the indictment charges that the offense was committed "feloniously" cannot have the legal effect of creating or charging a felony in the absence of a law properly providing that the offense charged in the indictment is, in fact, a felony. In a similar situation, the Court of Appeals of Virginia, in *Dye v. Commonwealth,* 7 Gratt. 662, 666, made the following statement: "The motion to quash the indictment because of the omission of the words of the statute *'but not feloniously'* was properly overruled. They form no element or ingredient of, and constitute no part of the offence. Nor are they to be likened to the exceptions and provisoes sometimes found in the body of a statute, which according to the precedents, must be inserted in, or negatived by, the indictment. Whether inserted or omitted, the offence charged and the evidence to support it are the same, to wit, a trespass amounting to a misdemeanor, and not a felony."

We are of the opinion that the word "feloniously" in the indictment may be regarded as surplusage. "Immaterial, unnecessary and harmless averments, which might be omitted

without affecting the charge in an indictment against the accused and which need not be proved, may be properly considered and rejected as surplusage." *State v. McGraw,* 140 W.Va. 547, pt. 1 syl., 85 S.E.2d 849. To the same effect see *Pyles v. Boles,* 148 W.Va. 465, pt. 5 syl., 135 S.E.2d 692. "An indictment which charges an offense in the language of the statute which creates such offense will not be held to be invalid because it contains surplus matter." *Pyles v. Boles, supra,* pt. 6 syl. "All allegations, unnecessary to be proved, may be omitted in any indictment or other accusation." Code, 1931, 62-2-9. No indictment or other accusation shall be quashed or deemed invalid for the omission or insertion of any words "of mere form or surplusage." Code, 1931, 62-2-10.

Inasmuch as the relator's sentence to imprisonment in the state penitentiary is void, he should be returned to the trial court for imposition of a sentence in conformity with the penalty provisions of Code, 1931, 61-3-30, as they existed at the time of the offense charged in the indictment and at the time the relator entered his plea of guilty to the offense charged in the indictment; that is, a fine not exceeding one hundred dollars and, in the discretion of the court, confinement in the county jail for a period not exceeding sixty days. Code, 1931, 53-4A-7(c), as amended, a portion of the statute prescribing procedure in post-conviction habeas corpus cases, provides that, in such a habeas corpus proceeding, a court may enter an appropriate order "including, but not limited to, remand, * * * rearraignment, retrial, custody, bail, discharge, *correction of sentence and resentencing,* * * *." (Italics supplied.) "A sentence at variance with statutory requirements is void and may be superseded by a new sentence in conformity with statutory provisions, * * *." *State ex rel. Boner v. Boles,* 148 W.Va. 802, pt. 4 syl., 137 S.E.2d 418.

On February 2, 1971, this Court entered an order authorizing and directing the release of the relator on his own recognizance in the amount of $500 in the Circuit Court of Webster County pending the final disposition of this habeas corpus proceeding. He is not, therefore, in the immediate custody of the respondent or of the warden of the state penitentiary. It appears, therefore, that the relator has now been

imprisoned, pursuant to the sentence of the Circuit Court of Webster County, for a period of time in excess of the maximum period of imprisonment in the county jail which is authorized by Code, 1931, 61-3-30.

For reasons previously stated in this opinion, the Court holds that the indictment involved in this case properly charged a misdemeanor in accordance with the provisions of Code, 1931, 61-3-30; that the relator, upon his plea of guilty, was convicted of the misdemeanor charge in the indictment; and that the sentence of the relator to the state penitentiary for an indeterminate period of one to ten years is void. The relator is remanded to the Circuit Court of Webster County for the imposition by that court of a valid sentence in accordance with the penalty provisions of Code, 1931, 61-3-30. The respondent is ordered to cause the state penitentiary records to be corrected in such a manner that they will not indicate that the relator was convicted of a felony pursuant to the adjudication of his guilt of the offense charged in the indictment involved in this case.

Upon the imposition of a valid sentence pursuant to this opinion, the Circuit Court of Webster County, in the event of the imposition of a sentence to confinement in the county jail, shall give credit to the relator for the period of time he spent in any prison pursuant to the void sentence previously referred to in this opinion. In reference to the authority and duty of the trial court to give credit to the relator for the period of his imprisonment pursuant to the void sentence, see *State ex rel. Muldrew v. Boles*, 151 W.Va. 1033, 159 S.E. 2d 36, and authorities therein cited, including particularly *Patton v. State of North Carolina*, 381 F.2d 636, (4th Cir. 1967).

For reasons stated, the sentence of the relator to imprisonment in the state penitentiary is held to be void and unenforceable and the proceeding in habeas corpus is remanded to the Circuit Court of Webster County with directions to follow the decision of this Court as stated in this opinion.

*Sentence held to be void;*
*remanded with directions.*

Haymond, Judge, dissenting:

I dissent from the judgment of the majority to the extent that it directs the circuit court, upon the remand of this proceeding, to impose a valid sentence upon the petitioner with credit for time served. Instead the majority, after holding void the sentence of confinement in the penitentiary erroneously imposed by the trial court, should have ordered the unconditional release of the petitioner from any confinement whatsoever under the current indictment against him.

If it were not for the obvious injustice to which this petitioner has been subjected by the plainly erroneous action of the trial court in imposing a void sentence of confinement in the penitentiary of not less than one year nor more than ten years for a misdemeanor the maximum penalty for which is sixty days in jail and a fine of one hundred dollars, the criminal prosecution of the petitioner upon the indictment which, contrary to the statute creating the offense, Section 30, Article 3, Chapter 61, Code, 1931, charged the petitioner with feloniously violating the statute, could be appropriately characterized a legal comedy of errors. Every step in the prosecution of the petitioner appears to have been taken erroneously. The persistence in error did not stop with the return of the indictment but continued in unsuccessful efforts to find some justification for the imposition of a penitentiary sentence upon a defendant who has committed not a felony but a misdemeanor. Moreover the action of the majority in directing the court upon the remand to impose a valid sentence though admitting, as the majority does, that the portion of the invalid sentence already served by the petitioner exceeds the maximum imprisonment that can be imposed by a valid sentence of not more than sixty days in jail, has converted a relatively simple matter into an unnecessarily complicated legal problem in making the questionable determination that the indictment against the petitioner is a valid indictment for a misdemeanor instead of a void indictment for a felony, even though everyone connected with the criminal prosecution considered it to be a felony for which no specific penalty has been provided by any statute of this state. As the majority concedes that the judgment sentencing the

petitioner to confinement in the penitentiary was a void judgment it was manifestly unnecessary to determine whether the indictment was a valid indictment for a misdemeanor or a void indictment for a felony.

After a labored and, I think, wholly unnecessary determination of the validity of the indictment, with which I disagree, the majority directs the trial court, upon the remand, to impose a new or additional valid sentence which can not exceed sixty days in jail and a fine of one hundred dollars, even though, as the majority concedes, the petitioner has served more than sixty days under the void penitentiary sentence, instead of avoiding any unnecessary complication by ordering the unconditional release of the petitioner from any confinement whatsoever. Such release would be the just and simple course, and in my judgment the only course, to follow under the unusual circumstances disclosed by the record in this proceeding.

It is well established by the decisions of this Court that a void judgment is a mere nullity and is of no valid force or effect. *State ex rel. Bradley v. Johnson,* 152 W.Va. 655, 166 S.E.2d 137; *State ex rel. Vance v. Arthur,* 142 W.Va. 737, 98 S.E.2d 418, and the many cases cited in the opinion in that case. This Court has also held in recent cases, a few of which are cited in the majority opinion, that a judgment which is wholly void, as here, or is void in part, is subject to collateral attack and that the enforcement of such judgment will be prevented in a habeas corpus proceeding. *State ex rel. Strickland v. Melton,* 152 W.Va. 500, 165 S.E.2d 90; *State ex rel. Bradley v. Johnson,* 152 W.Va. 655, 166 S.E.2d 137; *State ex rel. Widmyer v. Boles,* 150 W.Va. 109, 144 S.E.2d 322; *State ex rel. Whytsell v. Boles,* 149 W.Va. 324, 141 S.E.2d 70; *State ex rel. Calloway v. Boles,* 149 W.Va. 297, 140 S.E.2d 624; *State ex rel. Stumbo v. Boles,* 149 W.Va. 174, 139 S.E.2d 259; *State ex rel. Beckett v. Boles,* 149 W.Va. 112, 138 S.E. 2d 851, and that a person imprisoned under a void judgment will be released from such judgment by a writ of habeas corpus, *State ex rel. Strickland v. Melton,* 152 W.Va. 500, 165 S.E.2d 90; *State ex rel. Whytsell v. Boles,* 149 W.Va. 324, 141 S.E.2d 70; *State ex rel. Calloway v. Boles,* 149 W.Va.

297, 140 S.E.2d 624; *State ex rel. Stumbo v. Boles,* 149 W.Va. 174, 139 S.E.2d 259; *State ex rel. Powers v. Boles,* 149 W.Va. 6, 138 S.E.2d 159; *State ex rel. Boner v. Boles,* 148 W.Va. 802, 137 S.E.2d 418; *State ex rel. Nicholson v. Boles,* 148 W.Va. 229, 134 S.E.2d 576, and the many cases cited in the opinion in that case.

Though release of a defendant from confinement under a void sentence may be and sometimes is made subject to the imposition of a valid sentence or subject to further proceedings against him by the State, no condition should attend the release of the petitioner who, as already indicated here and in the majority opinion, has served a period of imprisonment in excess of any such period that could be legally imposed by any valid sentence under the current indictment. *State ex rel. Whytsell v. Boles,* 149 W.Va. 324, 141 S.E.2d 70. In all fairness, and to prevent further injustice, the petitioner should be given forthwith his unconditional release from any confinement.

I would remand this proceeding to the Circuit Court of Webster County with directions forthwith to cancel any recognizance of the petitioner and to release him unconditionally from any confinement whatsoever.