# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Steven J. Dukes,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0324** (Marion County 2015-C-147)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven J. Dukes, by counsel M. Tyler Mason, appeals the December 17, 2020, order of the Circuit Court of Marion County that denied his petition for a writ of habeas corpus. Superintendent Donnie Ames,[1] Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Katherine M. Smith, responds in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 23, 2012, a drug dealer who was cooperating with the police identified petitioner as her heroin supplier. The police had the drug dealer call petitioner and ask him to deliver heroin to her home. Police officers saw petitioner leave his residence and drive in the general direction of the drug dealer's residence. Based on the drug dealer's statement and a Maryland arrest warrant for petitioner's probation violations, the officers pulled petitioner over. While patting petitioner down, an officer found that petitioner was carrying bundles of heroin. Petitioner was indicted on June 4, 2012, for one count of possession of a controlled substance (heroin) with intent to deliver in violation of West Virginia Code § 60A-4-401(a)(i). Thereafter, petitioner filed a motion in

---

[1] Petitioner originally named David Ballard as the respondent in this matter. However, Donnie Ames is now the superintendent of the Mt. Olive Correctional Complex. Accordingly, pursuant to Rule 41(c) of the Rules of Appellate Procedure, we substitute Mr. Ames for Mr. Ballard.

1

limine to suppress the evidence obtained from the stop and search of his vehicle and the subsequent search of his residence. The court denied that motion.

The State offered petitioner a plea deal whereby he would plead guilty to one count of possession of a controlled substance with intent to deliver in exchange for the State's promise not to seek a recidivist conviction. Petitioner rejected that offer. However, he later claimed that his trial counsel poorly described the elements of the crime to him and led him to believe he could be found guilty only if he was caught in the act of delivering heroin to the co-operating drug dealer.

At petitioner's 2012 trial (Case No. 12-F-90), the drug dealer testified that petitioner supplied her with the heroin she sold to others. The drug dealer also testified that when her supply of heroin ran low, she would text petitioner the word "good" to let him know that she needed more. Finally, the drug dealer testified to the events that led to petitioner's arrest. A jury found petitioner guilty of one count of possession of a controlled substance (heroin) with intent to deliver.

On September 21, 2012, the State filed a recidivist information against petitioner seeking an enhancement of petitioner's sentence based on his conviction for three separate felony offenses: (1) his 2012 felony conviction for possession of a controlled substance (heroin) with intent to deliver in violation of West Virginia Code § 60A-4-401(a)(i); (2) a 2000 West Virginia conviction for felony possession of a deadly weapon by a person having been previously convicted of a felony, in violation of West Virginia Code § 61-7-7(b)(2); and, at issue in this case, and (3) an April 30, 1992, North Carolina conviction for one count of felony possession of cocaine, in violation of North Carolina General Statute § 90-95(a)(1).

During petitioner's recidivist trial, a probation officer and a deputy sheriff testified that petitioner had additional prior felony convictions, in New York and Maryland, which were not charged in the recidivist information. Petitioner avers that at his recidivist trial, his counsel failed to raise his claim that his North Carolina conviction for felony "possession of cocaine" would have been a misdemeanor in West Virginia. On February 11, 2012, a jury found that petitioner had been twice or more previously convicted of crimes punishable by penitentiary confinement as alleged in the recidivist information. The trial court sentenced petitioner on March 19, 2013, to life in prison with credit for time served.

Petitioner appealed his life recidivist conviction to this Court arguing that (1) the evidence was insufficient to obtain a conviction; (2) the statements he made to his parole officer should not have been admitted at trial; and (3) his prior felony convictions from New York and Maryland that were not charged in his recidivist information should have been excluded from the evidence at his recidivist trial. In *State v. Dukes*, No. 13-0649, 2014 WL 1672948 (W. Va. Apr. 25, 2014)(memorandum decision), we found no error and affirmed the circuit court's recidivist conviction.

On January 28, 2015, petitioner, acting as a self-represented litigant, filed a petition for a writ of habeas corpus arguing that, at his recidivist trial, (1) the circuit court erred in admitting records of petitioner's North Carolina felony conviction which were not properly authenticated, and in admitting testimony concerning prior convictions not charged in the recidivist information; and (2) his counsel was ineffective for not objecting to the admission of those records and that

testimony. By order entered on April 1, 2015, the habeas court found that petitioner was not entitled to relief and summarily dismissed petitioner's habeas petition without appointment of counsel or an evidentiary hearing. Petitioner appealed the circuit court's order to this Court. We denied relief. *See Dukes v. Ballard*, No. 15-0382, 2016 WL 1550773 (W. Va. Apr. 15, 2016) (memorandum decision).

On July 2, 2015, petitioner sought to file a second habeas petition in the circuit court. Habeas counsel was appointed and filed petitioner's *Losh* list[2] on October 9, 2019, alleging ineffective assistance of counsel and an excessive sentence. Petitioner argued that (1) his trial counsel failed to adequately explain the charge of possession with intent to deliver heroin and the evidence against him which prevented him from making a knowing and intelligent evaluation of the proposed plea agreement; (2) his trial counsel failed "to raise the issue of proportionality of the recidivist statute as applied to [him;]" and (3) "disproportionality of the recidivist statute to his case." On June 18, 2020, petitioner filed a "Submission of Additional Authority in Support of Amended Writ of Habeas Corpus" in which he discussed the Court's recent decision in *State v. Hoyle*, 242 W. Va. 599, 836 S.E.2d 817 (2019). At petitioner's omnibus evidentiary hearing on July 20, 2020, petitioner's counsel argued that petitioner's recidivist life sentence was disproportionate. Petitioner then testified that, at trial, he believed he had been accused of the actual delivery of heroin as opposed to possession of and intent to deliver heroin.

By order entered on December 17, 2020, the habeas court denied relief finding that petitioner's trial counsel's performance was neither objectively nor subjectively deficient and that there was no evidence that trial counsel failed to fully explain the charges to petitioner. The habeas court also found that trial counsel fully informed petitioner of his options regarding the plea bargain offered by the State and the risk that the application of the recidivist statute could result in an enhanced sentence if he was found to be guilty by a jury. The habeas court further stated that

> while [petitioner] makes a strong argument against the proportionality of his life sentence in his petition, this State's most recent case law has upheld the application of a life sentence under the recidivist statute for a conviction for the delivery of heroin, finding that specific offense to be inherently dangerous and therefore a qualifying trigger under the recidivist statute.

Finally, the habeas court found that, under *State v. Norwood*, 242 W. Va. 149, 832 S.E.2d 75 (2019), petitioner's prior convictions for "possession of a deadly weapon by a person having been convicted of a felony and . . . possession with intent to deliver heroin, carried with them the potential for actual violence." Therefore, the habeas court concluded that petitioner's recidivist life sentence did not violate constitutional proportionality principles.

Petitioner now appeals and raises three assignments of error. Petitioner first argues that the Court should apply the plain error doctrine to overturn his recidivist conviction on the ground that his 1992 North Carolina conviction for felony possession of cocaine would have been a misdemeanor under West Virginia law punishable by six months in jail. We disagree.

---

[2] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Petitioner admits, however, that he did not raise this assignment of error below but asserts that this Court should consider his argument due to plain error.

Our standard of review for issues not properly preserved for appeal, or not presented to the trial court for resolution prior to an appeal, is plain error. There are four elements that must be shown to exist before plain error applies: "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

*State v. Davis*, 232 W. Va. 398, 407, 752 S.E.2d 429, 438 (2013). As set forth below, since we find no error, petitioner is not entitled to relief under this doctrine.

In 2012, when petitioner's recidivist information was filed, and in 2013, when his recidivist conviction was obtained, West Virginia Code § 61-11-18(c) provided in pertinent part: "When it is determined . . . that such person shall have been twice convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." (Emphasis added.) In West Virginia, "[o]ffenses . . . punishable by confinement *in the penitentiary* are felonies; all other offenses are misdemeanors." W. Va. Code § 61-11-1. (Emphasis added.) "It is the punishment prescribed by statute which determines whether the offense be felony or not[.]" *State ex rel. Cogar v. Haynes*, 154 W. Va. 805, 810, 180 S.E.2d 492, 496 (1971) (internal quotation and citation omitted).

"'The primary purpose of our recidivist statutes, [currently, West Virginia Code §§ 61-11-18 and -19] is to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense, from committing subsequent felony offenses.' Syllabus point 3, in part, *State v. Jones*, 187 W.Va. 600, 420 S.E.2d 736 (1992)." Syl. Pt. 3, *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 583 S.E.2d 800 (2002). "If a defendant is twice convicted of a penitentiary offense he falls within the ambit of West Virginia Code § 61-11-18 [2000]." *Appleby* at 519, 583 S.E.2d at 816. "For purposes of a recidivist proceeding, whether a conviction for a certain crime qualifies as a crime punishable by confinement in a penitentiary is a question of law for the court." Syl. Pt. 5, *State v. Costello*, 245 W. Va. 19, 857 S.E.2d 51 (2021).

Petitioner was indicted in 1992 in North Carolina for possession with intent to sell and deliver four grams of cocaine base. Later that month, petitioner pled guilty to "possession of cocaine" in violation of North Carolina General Statute § 90-95(a), a Class 1 felony offense, punishable by a maximum term of five years of imprisonment. Petitioner was sentenced to two years of incarceration in the North Carolina Division of Corrections, which the North Carolina

court suspended for a five-year-term of unsupervised probation. Petitioner's "Transcript of Plea" provides his acknowledgement that the maximum term of incarceration for his felony offense was five years and that the "mandatory minimum sentence" was two years. Following petitioner's 2012 recidivist case in West Virginia, a jury found that petitioner "ha[d] been twice or more convicted in the United States of a crime punishable by confinement in a penitentiary."

In North Carolina, "[t]he line between felonies and misdemeanors . . . depend[s] upon whether the offense is punishable by imprisonment in the penitentiary or capitally, in both cases the offense is a felony; otherwise it is a misdemeanor." *Jones v. Brinkley*, 93 S.E. 372, 373 (N.C. 1917). Here, petitioner concedes that, in 1992, when he was convicted of "possession of cocaine" North Carolina classified that crime as a Class I felony and that the punishment for a Class One felony at that time was "imprisonment up to five years or a fine or both." Thus, because petitioner's North Carolina conviction carried a mandatory minimum sentence of two years and a maximum sentence of five years in a penitentiary operated by North Carolina's Department of Corrections, petitioner's conviction was a valid predicate felony offense for the purpose of a life recidivist enhancement under West Virginia Code § 61-11-18(c) (2000); *see also State v. Lewis*, 235 W. Va. 694, 705 n.30, 776 S.E.2d 591, 602 n.30 (2015) (finding no error in the trial court's determination that a defendant's prior Virginia offense was a valid predicate felony offense for the purpose of a recidivist enhancement under § 61-11-18, in part, because "a penitentiary sentence was imposed on the petitioner in Virginia.").

Accordingly, because "[i]t is the punishment prescribed by statute which determines whether the offense be felony or not," petitioner's North Carolina Class 1 offense of possession of cocaine, given its penitentiary sentence, would be classified as a felony offense in West Virginia. *Cogar*, 154 W. Va. at 810, 180 S.E.2d at 496. Petitioner's 1992 North Carolina conviction was punishable by confinement in a penitentiary and, therefore, was a valid predicate offense for the purpose of a life recidivist enhancement under West Virginia Code § 61-11-18 (2000). This result is consistent with, and carries out the purpose of, West Virginia's recidivist statutes of deterring repeat felons, such as petitioner, from committing subsequent crimes. *See Appleby*, 213 W. Va. at 507, 583 S.E.2d at 804, Syl. Pt. 3; *Norwood*, 242 W.Va. at 152, 832 S.E.2d at 78, Syl. Pt. 5. Accordingly, we find no plain error.

In petitioner's second assignment of error, he argues that his recidivist life sentence is so disproportionate that it is unconstitutional under Article III, Section 5 of the West Virginia Constitution ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offense.").

In determining whether a punishment is constitutionally impermissible under Article III, Section 5, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." Syl. Pt. 5, in part, *Wanstreet v. Bordenkircker*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

"A criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution." Syl. Pt. 7, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980).

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851(1983).

We find that petitioner's life recidivist sentence is not constitutionally disproportionate.

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.

Syl. Pt. 7, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981). As noted above,

> [f]or purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results. If this threshold is not met, a life recidivist conviction is an unconstitutionally disproportionate punishment under Article III, Section 5 of the West Virginia Constitution.

*Hoyle*, 242 W. Va. at 603, 836 S.E.2d at 821, Syl. Pt. 12.

Petitioner's life recidivist sentence is constitutional under *Hoyle*. The 2012 recidivist information filed against him was based on his convictions for felony possession of cocaine, felony possession of a deadly firearm, and felony possession with intent to deliver heroin. Petitioner argues that his conviction for felony possession of a deadly firearm was "not a crime of direct violence" because "[t]his activity would not be illegal, but would be constitutionally protected, if it were not for his prior felony conviction." This argument fails under *State v. Plante*, No. 19-0109, 2020 WL 6806375 (W. Va. Nov. 19, 2020) (memorandum decision), in which the Court found that the

> petitioner's conviction for possession of a firearm not registered to defendant in the National Firearms Registration and Transfer Record unquestionably involves a serious crime that endangers the public. This conviction therefore also involves a

threat of violence, or substantial impact upon the victim such that harm results under *Hoyle*.

*Id.* at *7.

Here, petitioner's conviction for felony possession of a deadly weapon by a prohibited person "unquestionably involves a serious crime that endangers the public" and carries an inherent threat of violence. "[P]ossession of a firearm by a prohibited person is certainly a crime that involves a threat of violence" and, therefore, is a "sufficient [predicate offense] for the application of the recidivist life sentence pursuant to West Virginia Code § 61-11-18(c)." *State v. Gaskins*, No. 18-0575, 2020 WL 3469894, at *4 (W. Va. June 25, 2020) (memorandum decision), *cert. denied sub nom. Gaskins v. West Virginia*, 141 S. Ct. 2578 (2021).

Because at least two of petitioner's three predicate felony convictions involved either a threat of violence or a substantial impact on the victim such that harm results, we find that his life recidivist enhancement is not an unconstitutionally disproportionate punishment.

In petitioner's third and final assignment of error, he argues that the circuit court committed reversible error when it failed to grant petitioner habeas corpus relief based upon the errors committed by trial counsel, appellate counsel, and prior habeas counsel. Specifically, petitioner argues that his counsel was ineffective because counsel failed to argue constitutional proportionality issues regarding petitioner's sentence. Petitioner further argues that his trial counsel, appellate counsel, and habeas counsel failed to address the fatal defect in the State's recidivist information concerning his North Carolina conviction.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (the "*Strickland/Miller* test").

> In deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

Petitioner claims his trial counsel and habeas counsel were ineffective because they failed to (1) argue proportionality issues with regard to his sentence, and (2) address the "fatal defect" concerning the State's recidivist information regarding his North Carolina conviction. We disagree. Regarding the first prong of the *Strickland/Miller* test, because petitioner's life recidivist sentence is valid, it is clear that neither his trial counsel's nor his habeas counsel's performance

was deficient under an objective standard of reasonableness. Under § 6-11-18 (2000) and *Hoyle*, petitioner's life sentence is statutorily and constitutionally lawful. Thus, because petitioner cannot satisfy both prongs of the *Strickland/Miller* test, his ineffective assistance of counsel claim fails.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William D. Wooton

**DISSENTING:**

Chief Justice John A. Hutchison

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

**NOT PARTICIPATING:**

Justice C. Haley Bunn